UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND BONILLA, | Civil Action No. 15-6795(FLW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| THE STATE OF NEW JERSEY, et al., | |
| Defendants. | |

This matter has been opened to the Court by the State of New Jersey, the Department of Corrections ("NJDOC"), Commissioner Gary M. Lanigan (improperly named as Raymond Lanigan), Jones Farm, and AgriIndustries (collectively referred to as the "Corrections Defendants") on a motion to dismiss Plaintiff's Complain pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's Complaint was originally filed in state court and was removed to this Court by Defendants on November 11, 2015. (*See* ECF No. 1, Notice of Removal.) The Complaint alleges that on September 11, 2014, Plaintiff was an inmate at Jones Farm and assigned to "perform services at the milk processing plant at Jones Farm." (*See* 1-3, Complaint attached as Exhibit A to Defendants' Notice of Removal, at ¶¶ 9-10.) Plaintiff allegedly sustained a serious injury to his hand while operating a milk machine. (*Id.* at ¶ 8.) The Complaint further alleges that Plaintiff was not properly trained or supervised while operating the milk machine and that the machine itself was not properly maintained and was defective and/or dangerous. (*Id.* at ¶¶ 19-20.) In addition to the Corrections Defendants, Plaintiff has sued a number of unidentified John Doe individuals and entities that "have performed acts pursuant to the following claims herein set forth." (*Id.* at ¶¶ 6-8.)

1

The first two counts of the Complaint allege state law tort claims (*see id.* at Counts I and III), and the fourth count alleges that the Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983 by failing to train/supervise staff and inmates in connection with the milk processing machines and failing to establish and maintain adequate safety procedures.[1] (*Id.* at Count IV.) Plaintiff seeks damages for his injuries. (*Id.* at pages 9-10.)

The Corrections Defendants move to dismiss only Count IV of the Complaint, contending that <u>none</u> of the Corrections Defendants are "persons" for purposes of section 1983. (ECF No. 6-4, Moving Br. at 1, 3-11.) Counsel for Plaintiff, Mark D. Laderman, Esq., did not file opposition to the Corrections Defendants' motion; instead, on November 2, 2015, counsel wrote to the Court as follows:

> This office represents Plaintiff in connection with the above-referenced matter. There is currently pending a motion to dismiss Count IV of the Complaint against the State of New Jersey, Department of Corrections, Commissioner Gary Lanigan, Jones Farm, and AgriIndustries. The motion seeks to dismiss only these named parties as they are not "persons" under § 1983. It is our understanding that Count IV will remain against John Does 1-10, Jane Does 1-10, and Jack Black, Inc. l-10, whose identities will be discovered through discovery in the litigation. With this understanding, please be advised that this office does not oppose the pending motion.

(ECF No. 10, Letter from M. Laderman, Esq., dated November 2, 2015.) The Corrections Defendants did not file a reply.

Based on Mr. Laderman's letter, Court finds that the Plaintiff has consented to the dismissal of Count IV as to the Corrections Defendants. Before granting the motion to dismiss, however, the Court finds it necessary to clarify whether Count IV of the Complaint is alleged against Defendant Lanigan in his official and/or personal capacity. (*See* ECF No. 1-3, Complaint

---

[1] Count II is omitted from the Complaint.

2

attached as exhibit A to notice of removal, at ¶¶ 2, 27-34).  Neither the Corrections Defendants nor Plaintiff addresses this important pleading distinction which determines whether Defendant Lanigan is a person for purposes of § 1983.

It is well-established that the state and state entities are not persons for purposes of § 1983.[2]  *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 70–71 (1989) (holding that state is not a "person" within the meaning of Section 1983).  Here, the Correction Defendants have argued and Plaintiff does not dispute that the State of New Jersey, the NJDOC, Jones Farm, and AgriIndustries are not persons under § 1983.  The Court will therefore dismiss Count IV with prejudice against these entities.

An individual defendant, such as Defendant Lanigan, however, may be sued under § 1983 in his official and personal capacities.  "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).  Thus, "[s]uits against state officials in their official capacity therefore should be treated as suits against the State." *Id.* (citing 473 U.S., at 166).  "Personal-capacity suits, on the other hand, seek to

---

[2] Although the removal of this action waives the state's Eleventh Amendment immunity from suit in a federal forum, *see Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198 (3d Cir. 2008) ("hold[ing that] that the Commonwealth's removal of federal-law claims to federal court effected a waiver of immunity from suit in federal court"), the removal does not affect the application of *Will's* personhood requirement.  *See Didiano v. Balicki*, CIV. No. 10-4483 RBK/AMD, 2011 WL 1466131, at *8 (D.N.J. Apr. 18, 2011) (explaining that a state (or state entity) is still not a person for § 1983 purposes regardless of whether it waived its Eleventh Amendment immunity by removing such claims to federal court), *aff'd*, 488 F. App'x 634 (3d Cir. 2012).

impose individual liability upon a government officer for actions taken under color of state law."

*Id.* As explained by the United States Supreme Court,

> *Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than "a mere pleading device. [*Will*, 491 U.S. at 71.] "State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. *Id.* By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person." *Id.*

*Hafer*, 502 U.S. at 27; *see also Moore v. Cuttre*, No. CIV.09-2284 (RBK/JS), 2010 WL 2557682, at *4 (D.N.J. June 23, 2010) (state official sued in personal capacity is a person under § 1983 ) (citing *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 Fed. Appx. 71, 79 (3d Cir. 2006)).

"In determining whether [a Plaintiff has sued an official] in her personal capacity, official capacity, or both, [courts in this District] first look to the complaints and the course of proceedings." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991) (internal citations and quotations omitted). The Complaint in this action is silent as to whether Defendant Lanigan is sued in his official and/or personal capacities. Although Count IV states generally that all Defendants acted under color of state law, owed duties to Plaintiff, and "were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein" (ECF No. 1-3, Complaint at ¶¶ 27-34), the Complaint contains no specific allegations regarding Defendant Lanigan's role in causing Plaintiff's injuries.[3] Moreover, the

---

[3] The Court notes in this regard that Defendant Lanigan, as Commissioner of the NJDOC, is a high-ranking supervisory official. *Respondeat superior* is not a basis for personal supervisory liability under § 1983. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."); *see also Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316-19 (3d Cir. 2014) (clarifying requirements for personal supervisory liability under the Eighth Amendment), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042, 2043 (2015).

November 2, 2015, letter from Plaintiff's counsel does not dispute the Corrections Defendants' position that Defendant Lanigan is not a person under § 1983 and consents to the dismissal of Count IV against Defendant Lanigan on that basis.  As such, the Court finds that Count IV of the Complaint is brought against Defendant Lanigan in his official capacity only, and the Court dismisses with prejudice the official capacity claims against Defendant Lanigan.[4]

In sum, for the reasons explained in this Memorandum Opinion, the Court dismisses with prejudice Count IV of the Complaint against the State of New Jersey, the NJDOC, Jones Farm, and AgriIndustries, and Defendant Lanigan in his official capacity.[5]  An appropriate Order follows.

 /s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: May 10, 2016

---

[4] To the extent Plaintiff seeks to bring personal capacity claims against Defendant Lanigan and can provide facts demonstrating his personal involvement in the alleged violations, he should seek leave to file an Amended Complaint.

[5] The Court makes no rulings at this time regarding (1) the sufficiency of the remaining state law claims against the Corrections Defendants or (2) the sufficiency any of the federal or state law claims against the John Doe individuals and entities.